ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 OCT -9 P 2:57

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CLARENCE HENRY DANIELS; KIMBERLY A. DENMARK; TONEY NEESMITH, Captain, Montgomery State Prison; and VARRICK GILBERT, <br><br> Plaintiffs, <br><br> v. <br><br> JERRY SIKES, Warden, Montgomery State Prison; GEORGIA DEPARTMENT OF CORRECTIONS; THOMAS GRAMIAK, Deputy Warden, Montgomery State Prison; DIANNE FOSKEY; TAMMY STANKOWITZ; RANDY KIGHT, Lieutenant, Montgomery State Prison; JACINDA FOUNTAIN; and JERRY POWELL, Sergeant, Montgomery State Prison, <br><br> Defendants. | CV 307-059 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Clarence Henry Daniels ("Plaintiff"), an inmate at Montgomery State Prison ("MSP") in Mount Vernon, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff also lists Kimberly A. Denmark, Toney

Neesmith, and Varrick Gilbert as co-plaintiffs in this case.[1] (Doc. no. 1, p. 1). However, Plaintiffs Denmark, Neesmith, and Gilbert ("Co-Plaintiffs") did not sign the complaint or Plaintiff's motion to proceed *in forma pauperis* ("IFP"), nor have they paid the $350.00 filing fee.

## I. DISCUSSION

The Eleventh Circuit Court of Appeals has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions." Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001). In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)). After interpreting the PLRA, the Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP. The Eleventh Circuit concluded that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). Allowing multiple prisoners to bring complaints in a single lawsuit would circumvent the Congressional purpose in promulgating the PLRA. Id. at 1197-98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)). In the end, the Eleventh Circuit

---

[1] The Court notes that Varrick Gilbert appears to be an inmate at MSP. (See doc. no. 1, p. 1). Kimberly A. Denmark and Toney Neesmith appear to be MSP employees. (See id. at 7).

2

determined that "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ." Id. Therefore, the "district court properly dismissed the multi-plaintiff action in this instance." Id.

In this case, Plaintiff and Co-Plaintiff Gilbert are in a position similar to the plaintiffs in Hubbard.[2] Allowing them to proceed IFP together in this action would presumably permit them to divide the filing fee between themselves and defy the Eleventh Circuit's conclusion that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). In other words, Plaintiff and Co-Plaintiff Gilbert, as incarcerated litigants desiring to proceed IFP, must abide by the parameters of the PLRA. To honor Congress's intent in enacting the PLRA to taper prisoner litigation, Plaintiff and Co-Plaintiff Gilbert must be forced to think twice about the merits of this action before they can proceed IFP by being solely responsible for their own filing fees. Thus, Plaintiff and Co-Plaintiff Gilbert are not allowed to proceed IFP with co-plaintiffs, who may shoulder some of the filing fee. Simply put, any attempt by Plaintiff and Co-Plaintiff Gilbert to proceed IFP as co-plaintiffs in a single action violates the requirement of the PLRA that each prisoner pay the full filing fee.

---

[2] As previously explained, Co-Plaintiffs Denmark and Neesmith have been identified as MSP employees, and therefore, any claims they wish to bring against MSP would not be governed by the PLRA. Furthermore, the complaint lacks any facts concerning Co-Plaintiffs. In any event, there is no indication that they even desire to participate in this litigation.

3

## II. CONCLUSION

As Co-Plaintiffs Denmark, Neesmith, and Gilbert have not sought leave to proceed IFP, paid the full $350.00 filing fee, or even signed the complaint, this Court, pursuant to Hubbard, **REPORTS** and **RECOMMENDS** that Co-Plaintiffs Denmark, Neesmith, and Gilbert be **DISMISSED** from this lawsuit.[3,4]

SO REPORTED and RECOMMENDED this 9th day of October, 2007, at Augusta, Georgia.

                                  W. LEON BARFIELD
                                  UNITED STATES MAGISTRATE JUDGE

---

[3] In a simultaneously issued Order, the Court has granted Plaintiff's motion to proceed IFP.

[4] If Co-Plaintiffs Denmark, Neesmith, or Gilbert wish to file their own separate complaints and motions to proceed IFP, they may of course do so. Any such filing by Co-Plaintiff Gilbert will be subject to the provisions of the PLRA.

4