ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 NOV -8 AM 8: 19
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| CLARENCE HENRY DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 307-059 |
| ) | |
| JERRY SIKES, Warden, Montgomery ) | |
| State Prison, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Montgomery State Prison in Mount Vernon, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and proceeding *in forma pauperis* ("IFP"). The matter is now before the Court on Plaintiff's "Motion to Intervien [sic] Custody Placement," which the Court has construed as a motion for preliminary injunctive relief. (Doc. no. 6). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion be **DENIED**.

### I. BACKGROUND

In the instant motion, Plaintiff requests that the Court transfer him to federal custody. (Doc. no. 6). According to Plaintiff, the sought-after transfer is necessary because Defendants have violated their unspecified oaths, mislead his witnesses, subjected him to environmental tobacco smoke ("ETS"),[1] tampered with his mail, and hindered his ability to

---

[1] Although Plaintiff's IFP complaint has not yet been screened pursuant to 28 U.S.C. §§ 1915(e) and 1915A, one of Plaintiff's claims appears to address the alleged exposure to ETS. (Doc. no. 1, p. 6).

prosecute his cases. (Id.). Plaintiff submits that a transfer into federal custody would ensure his security and protect unspecified rights. (Id.).

## II. DISCUSSION

Parties moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

In the case at bar, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to address, let alone establish, that there is a substantial likelihood that he will prevail on the merits of his claim, that the threatened injury outweighs whatever damage the proposed injunction may cause Defendants, or that the injunctive relief would not be adverse to the public interest. Plaintiff does not cite, and the Court is not aware of, any viable legal or statutory justification for his position that a state prisoner should be removed from the custody of state officials and placed in the custody of federal officials simply so that he can prosecute his civil cases or protect unspecified rights. Although Plaintiff argues, among other things, that he should be

2

transferred into federal custody to prevent exposure to ETS, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224 (1976). Thus, Plaintiff has no right to be housed in a federal correctional facility.

Additionally, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to establish the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat* of irreparable injury . . . is an adequate basis." Id.

According to Plaintiff, a transfer into federal custody would ensure his security and protect some unspecified rights. In any event, Plaintiff has not provided the Court with specific facts demonstrating how his current place of confinement has actually jeopardized his security, or how Defendants have allegedly violated their oaths, mislead witnesses, tampered with his mail, or otherwise hindered his ability to prosecute his cases. Furthermore, any untimely receipt of mail or interference with the prosecution of his cases

3

can be redressed by filing appropriate motions. Moreover, Plaintiff has not alleged, and the Court has no reason to presume, that a transfer to federal custody would eliminate all exposure to ETS.[2] As such, Plaintiff has failed to demonstrate that, if the motion is not granted, there is a real risk of imminent, irreparable injury. Therefore, Plaintiff cannot meet his burden of persuasion on all four requisites for preliminary injunctive relief.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Motion to Intervien [sic] Custody Placement" be **DENIED**.

SO REPORTED and RECOMMENDED this 8th day of November, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] "It is the policy of the Georgia Department of [C]orrections to restrict the possession and consumption of tobacco products . . . in all correctional facilities . . . ." SOP IIA09-0001 § I (Eff. date Aug. 1, 2001). To that end, "[s]moking and the use of tobacco products by inmates will be permitted in designated outside areas at prescribed times in all facilities/centers. Smoking and the use of tobacco products by inmates shall be prohibited inside any building . . . ." Id. § VI(A)(1). Under the applicable Bureau of Prisons ("BOP") Program Statement, the BOP has restricted areas and circumstances where smoking is permitted within its institutions. Program Statement P1640.04 § 551.160 (Eff. date July 15, 2004). According to the Program Statement, "[t]he designation of smoking areas may reduce exposure to second hand smoke." Id. Furthermore, wardens "must designate a smoking area for use in instances where smoking is part of an authorized inmate religious activity" and "may designate only outdoor smoking areas for general inmate use . . . ." Id. § 551.162. As such, Plaintiff's transfer to a federal facility would not guarantee that Plaintiff would never be exposed to some ETS.