IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CLARENCE HENRY DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-059 |
| | ) | |
| JERRY SIKES, Warden, Montgomery | ) | |
| State Prison, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Montgomery State Prison ("MSP") located in Mount Vernon, Georgia when this action commenced,[1] filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and proceeding *in forma pauperis* ("IFP"). The matter is presently before the Court on Plaintiff's "Extraordinary Emergency Order Requested" (doc. no. 26), and because Plaintiff has failed to comply with the Court's April 2, 2008 Order. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief (doc. no. 26) be **DENIED**, that the above-captioned complaint be **DISMISSED** without prejudice, and that this case be **CLOSED**.

### I. BACKGROUND

Plaintiff previously filed a motion for injunctive relief, wherein he requested that the Court transfer him from MSP to federal custody. (Doc. no. 6). In support of that motion, Plaintiff submitted that Defendants had violated unspecified oaths, mislead his witnesses,

---

[1]Plaintiff was recently transferred to Hancock State Prison ("HSP") located in Sparta, Georgia. (Doc. no. 25).

subjected him to environmental tobacco smoke ("ETS"), tampered with his mail, and hindered his ability to prosecute his cases. (Id.). According to Plaintiff, the sought-after transfer would ensure his security and protect unspecified rights. (Id.). Thereafter, the Court recommended denial of the motion because Plaintiff failed to address, let alone establish, all four requisites for obtaining injunctive relief. (Doc. no. 11). Concurring with the Court's Report and Recommendation ("R&R"), the Honorable Dudley H. Bowen, Jr., United States District Judge, denied Plaintiff's motion for injunctive relief. (Doc. no. 18).

On April 2, 2008, the Court reviewed the above-captioned complaint in conformity with the IFP statute. See 28 U.S.C. §§ 1915(e) & 1915A. Because of pleading deficiencies, the Court ordered Plaintiff to amend his complaint. (Doc. no. 20). Plaintiff was given fifteen (15) days to comply, and he was warned that, if he wanted to proceed with his case, he must file an amended complaint. (Id. at 4). Plaintiff failed to comply with the Court's April 2, 2008 Order.

On April 28, 2008, the Court afforded Plaintiff ten (10) additional days to amend his complaint in accordance with the Court's April 2, 2008 Order. (Doc. no. 21). Thereafter, Plaintiff requested, and the Court granted, an extension of time to comply with the Court's April 2, 2008 Order. (Doc. nos. 23 & 24). Plaintiff was warned that, if he failed to comply with the Court's April 2, 2008 Order, the Court would recommend dismissal of his case for want of prosecution. (Doc. no. 21, p. 2; doc. no. 24, p. 3). Rather than complying with the Court's April 2, 2008 Order, Plaintiff filed the aforementioned motion for injunctive relief.

## II. DISCUSSION

A. **Plaintiff's "Extraordinary Emergency Order Requested"**

As the Court previously explained (doc. no. 11), parties moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1988)).

In the one-page instant motion, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to address, let alone establish, that there is a substantial likelihood that he will prevail on the merits of his claim, that the threatened injury outweighs whatever damage the proposed injunction may cause Defendants, or that the injunctive relief would not be adverse to the public interest. Plaintiff does not cite, and the Court is not aware of, any viable legal or statutory justification for his position that a state prisoner should be removed from the custody of state officials and placed in the custody of federal officials simply so that he can avoid exposure to ETS, receive medical treatment, or avoid alleged "hostile" state prisons. Although Plaintiff requests that the Court transfer him from HSP to federal custody, inmates do not have a

constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224 (1976). Thus, Plaintiff has no right to be housed in a federal correctional facility.

Additionally, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to establish the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat* of irreparable injury . . . is an adequate basis." Id.

Plaintiff contends that the Georgia Department of Corrections has transferred him to a "hostile" and "violent" prison. (Doc. no. 26). Plaintiff also maintains, *inter alia*, that he is being exposed to ETS and that his "health condition [and] need[s] are neglected." (Id.). Presumably, Plaintiff concludes that a transfer to another facility would ensure his health and security. (See id.). In any event, Plaintiff has not provided the Court with specific facts demonstrating how his current place of confinement has actually threatened his security or how prison officials have "neglected" his health condition. Indeed, Plaintiff's concerns regarding his health and safety appear to be merely speculative. Furthermore, Plaintiff has

4

not alleged, and the Court has no reason to presume, that a transfer to federal custody would ensure his safety or eliminate all exposure to ETS.[2] As such, Plaintiff has failed to demonstrate that, if the motion is not granted, there is a real risk of imminent, irreparable injury. Therefore, because Plaintiff cannot meet his burden of persuasion on all four requisites for preliminary injunctive relief, his motion for injunctive relief should be **DENIED**. (Doc. no. 26).

**B.     Plaintiff's Failure to Comply with the Court's April 2, 2008 Order**

Next, the Court turns its attention to Plaintiff's failure to comply with the Court's April 2, 2008 Order. In this regard, the Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to

---

[2]"It is the policy of the Georgia Department of [C]orrections to restrict the possession and consumption of tobacco products . . . in all correctional facilities . . . ." SOP IIA09-0001 § I (Eff. date Aug. 1, 2001). To that end, "[s]moking and the use of tobacco products by inmates will be permitted in designated outside areas at prescribed times in all facilities/centers. Smoking and the use of tobacco products by inmates shall be prohibited inside any building . . . ." Id. § VI(A)(1). Under the applicable Bureau of Prisons ("BOP") Program Statement, the BOP has restricted areas and circumstances where smoking is permitted within its institutions. Program Statement P1640.04 § 551.160 (Eff. date July 15, 2004). According to the Program Statement, "[t]he designation of smoking areas may reduce exposure to second hand smoke." Id. Furthermore, wardens "must designate a smoking area for use in instances where smoking is part of an authorized inmate religious activity" and "may designate only outdoor smoking areas for general inmate use . . . ." Id. § 551.162. As such, transfer to a federal facility would not guarantee confinement without exposure to ETS.

5

prosecute . . . .").³ Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Orders, or even to provide the Court with an explanation for his failure to amend his complaint, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.⁴ See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. Rather than permanently barring Plaintiff from bringing a meritorious claim, the Court is simply recommending that the above-captioned complaint be **DISMISSED** without prejudice until such time as he is willing to file and pursue his case.

---

³In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

⁴Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief (doc. no. 26) be **DENIED**, that the above-captioned complaint be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of June, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE