ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CLARENCE HENRY DANIELS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CV 307-059 |
| JERRY SIKES, Warden, Montgomery State Prison, et al., | ) ) ) ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 30).

On June 30, 2008, the Magistrate Judge recommended that Plaintiff's renewed motion for injunctive relief (doc. no. 26)[1] be denied and that the above-captioned complaint be dismissed without prejudice based on Plaintiff's failure to comply with the Magistrate Judge's April 2, 2008 Order directing Plaintiff to amend his complaint. (Doc. no. 27). Plaintiff objects only to the portion of the R&R denying injunctive relief.[2] (Doc. no. 30, p.

---

[1] In Plaintiff's renewed motion for injunctive relief, Plaintiff requested that he be transferred into the custody of federal officials so that he could avoid exposure to environmental tobacco smoke, receive medical treatment, and avoid "hostile" state prisons. (Doc. no. 26).

[2] "Plaintiff except[s] [sic] [the] Magistrate Judge['s] recommendation with the following exception . . . ." (Doc. no. 30, p. 1). In this regard, Plaintiff then argues, "It is necessary to remove [and] place Plaintiff out of Department of Correction custody . . . ." (Id.). Plaintiff asserts no objection to the portion of the R&R concerning the dismissal of the above-captioned complaint.

1). Plaintiff submits, *inter alia*, that it is "necessary" to transfer him into federal custody, that prison officials can and have hurt him, and that "[h]is frail body stands no chance against - inmate shanks [and] staff black jacks, mace, and patons." (See id.).

Plaintiff's objection is without merit. As the Magistrate Judge correctly explained, Plaintiff failed to address, let alone establish, all four requisites for obtaining injunctive relief.[3] (Doc. no. 27, pp. 3-5). Furthermore, despite Plaintiff's speculative assertions concerning potential threats at his current place of confinement (doc. no. 26; doc. no. 30, p. 1), the Magistrate Judge properly noted that inmates do not have a constitutional right to be housed at one facility or another. (Doc. no. 27, pp. 3-4 (citing Meachum v. Fano, 427 U.S. 215, 224 (1976))). Simply put, Plaintiff's argument concerning the perceived risk of harm and his passing assertion that prison officials have "hurt" him do not change the analysis set forth in the R&R. As such, Plaintiff's objections are without merit.[4]

---

[3]As the Magistrate Judge has previously explained (doc. nos. 11 & 27), parties moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)).

[4]The Court notes that Plaintiff filed another motion for injunctive relief in response to the R&R, wherein he again requests that the Court transfer him to federal custody because he "is in grave danger and is highly at risk of being injured." (Doc. no. 29, pp. 1-2). Plaintiff complains that he is confined in a high security prison, that prison officials have hindered his ability to utilize the prison library, that "[he] is not allowed to lay down due to homosexual activity going on in his room," and that he has been denied prescribed medication for an unspecified condition. (Id.).

As the Magistrate Judge previously explained, parties moving for injunctive relief must clearly establish the burden of persuasion as to all four requisites for obtaining injunctive relief, as set forth in footnote 3, *supra*. (Doc. nos. 11 & 27). In the instant motion, Plaintiff has again failed to meet his burden of persuasion on all four requisites for obtaining

2

Accordingly, the R&R of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motion for injunctive relief (doc. no. 26) is **DENIED**, the above-captioned complaint is **DISMISSED** without prejudice, and this case is **CLOSED**.

SO ORDERED this 22nd day of July, 2008, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

injunctive relief. Notably, Plaintiff has failed to address, let alone establish, that there is a substantial likelihood that he will prevail on the merits of his claim. Furthermore, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. Despite Plaintiff's allegations concerning his current conditions of confinement, he does not allege that he has suffered any injury while incarcerated at his current place of confinement and he does not provide the Court with any specific facts explaining how the alleged denial of an unspecified medication has threatened his health. Simply put, Plaintiff's wholly speculative allegations fail to demonstrate that, if the motion is not granted, there is a real risk of imminent, irreparable injury. As such, Plaintiff cannot meet his burden of persuasion on all four requisites for preliminary injunctive relief. Therefore, Plaintiff's third motion for injunctive relief is **DENIED**. (Doc. no. 29).